


FILED

Mar 06 2025, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

## WBL SPO II, LLC,

*Appellant-Plaintiff*

v.

## G&I Realty, LLC, Alpha Mechanical Service, Inc., Dubois County Treasurer, Unknown Occupant of 1208 Jackson Street, Unknown Occupant of 1280 3rd Avenue, Unknown Occupant of 1409 Vine Street, Unknown Occupant of 420 East 14th Street,

*Appellees-Defendants*

---

March 6, 2025

Court of Appeals Case No.
24A-MF-2353

Appeal from the Dubois Superior Court

The Honorable Anthony D. Quinn, Judge

Trial Court Cause No.
19D01-2107-MF-361

**Mathias, Judge.**

[1] WBL SPO II, LLC ("WBL") holds a note of indebtedness as well as a mortgage that secures the debt underlying that note. The mortgage is on real properties owned by G&I Realty, LLC ("G&I"), although G&I is not the debtor.[1] The mortgage's plain terms state that it exists to guarantee the payment in full of the debt underlying the note.

[2] The debtor eventually obtained a discharge of its obligation to pay the debt in bankruptcy proceedings. Meanwhile, WBL attempted to obtain in state court an *in rem* judgment and foreclosure on the real properties secured by the mortgage. The trial court entered summary judgment for G&I on that complaint under the theory that the discharge of the debtor by the bankruptcy court left the mortgage without a debt to secure.

[3] The bankruptcy court's discharge of the debtor from its obligation to pay the debt is not applicable to G&I, a guarantor of that same debt and a nonparty to the bankruptcy proceedings. Further, although the bankruptcy court discharged the debtor's obligation to repay the debt, there is no evidence in this record that

---

[1] No other named parties participate in this appeal.

WBL has received full satisfaction of the indebtedness, which is what the mortgage secures.

[4] Accordingly, the trial court erred when it entered summary judgment for G&I and when it denied WBL's motion for summary judgment. We therefore reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## Facts and Procedural History

[5] In December 2019, Gudorf Supply Company, Inc. ("Debtor"), an Indiana corporation, executed a promissory note and associated documents (the "Note") with Axos Bank, a Nevada business, in which the Bank agreed to lend $273,000 to Debtor in exchange for Debtor's promise to repay that indebtedness with interest. In order to help Debtor obtain that loan, G&I, an Indiana limited liability company, agreed to provide the Bank with a mortgage on four parcels of real property owned by G&I in Dubois County (the "Mortgage").

[6] The terms of the Mortgage expressly state that it exists to "guarantee[ Debtor's] payment" on the Note.[2] Appellant's App. Vol. 2, p. 40. The Mortgage likewise expressly states that, "upon the indefeasible satisfaction *in full of the Debt* provided in the [Note] in a timely manner, these presents and the estate hereby

---

[2] G&I repeatedly asserts on appeal that it is not a guarantor of the Note. *See, e.g.*, Appellee's Br. at 12. G&I's assertions are not supported by the text of the Mortgage or cogent reasoning, and we do not consider them. *See* Ind. Appellate Rule 46(A)(8)(a). G&I also asserts that WBL seeks to use the bankruptcy code to create an obligation against G&I without G&I's consent. That assertion is also not cogent. WBL seeks to enforce the Mortgage voluntarily executed by G&I.

granted shall cease, terminate[,] and be void." *Id.* at 42 (emphasis added). All documents were properly recorded, and, through various assignments, WBL became the holder of both the Note and Mortgage.

[7] In July 2020, Debtor defaulted on the Note. WBL notified Debtor of the default and demanded an acceleration of the entire unpaid balance of Debtor's obligations. WBL likewise notified G&I of its obligation to secure the debt. Debtor did not remedy the default and instead sought relief under the United States Bankruptcy Code. WBL, meanwhile, filed its complaint in state court against G&I for an *in rem* judgment and foreclosure on the real properties secured by the Mortgage, although, when WBL learned of Debtor's bankruptcy proceedings, WBL moved to stay the state court proceedings. G&I was not a party to the bankruptcy proceedings.

[8] Debtor eventually obtained a judgment from the bankruptcy court that discharged Debtor from its obligation to pay the debt underlying the Note, among other things. WBL responded by moving to dismiss Debtor from the state court proceedings, which the trial court granted. G&I and WBL then filed competing motions for summary judgment. The trial court denied WBL's motion without a hearing and, after a hearing, granted G&I's motion. WBL filed a motion to correct error, which the trial court also denied.

[9] This appeal ensued.

## Discussion and Decision

[10] WBL appeals the trial court's grant of summary judgment to G&I and the court's denial of its motion for summary judgment. Our standard of review is well settled:

> When this Court reviews a grant or denial of a motion for summary judgment, we "stand in the shoes of the trial court." Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." We will draw all reasonable inferences in favor of the non-moving party. We review summary judgment de novo.

*Arrendale v. Am. Imaging & MRI, LLC*, 183 N.E.3d 1064, 1067-68 (Ind. 2022) (citations omitted). Questions of law, such as those here, present legal questions that are particularly apt for summary judgment. *See, e.g.*, *Erie Indem. Co. v. Estate of Harris*, 99 N.E.3d 625, 629 (Ind. 2018). Further, that the parties have filed cross-motions for summary judgment neither alters our standard of review nor changes our analysis—we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

[11] The trial court erred in entering summary judgment for G&I, which the court did on the theory that the bankruptcy court's discharge of Debtor from its obligation to pay the debt underlying the Note left the Mortgage with no debt to secure. As the Supreme Court of the United States recently made clear, "the bankruptcy code does not authorize a release . . . that . . . discharge[s] claims against a nondebtor without the consent of affected claimants." *Harrington v.*

*Purdue Pharma L.P.*, 603 U.S. 204, 227 (2024). That is, a bankruptcy court's order confirming a debtor's reorganization plan "discharges *the debtor* from any debt that arose before the date of such confirmation," but that discharge "operates only for the benefit of the debtor against its creditors and does not affect the liability of any other entity." *Id.* at 214-15 (emphasis added; quotation marks omitted); *see also McCullough v. CitiMortgage, Inc.*, 70 N.E.3d 820, 827 (Ind. 2017) ("discharge of debt has no bearing on the validity of [a] mortgage lien").

[12]     G&I was not the debtor in the bankruptcy proceedings and was not even a party to those proceedings. The bankruptcy court's discharge of Debtor from its obligation to pay the debt underlying the Note "operates only for the benefit" of Debtor and "does not affect the liability" of G&I that may exist under the Mortgage. *Harrington*, 603 U.S. at 214-15. The trial court therefore erred in entering summary judgment for G&I.

[13]     We thus consider WBL's motion for summary judgment. In support of its motion, WBL designated the Mortgage, which demonstrates on its face that it secured the full debt underlying the Note. WBL's designated evidence also demonstrated that Debtor defaulted on its obligations under the Note and that WBL sought to accelerate all of Debtor's obligations under the Note due to that default. It is also not disputed that neither Debtor nor G&I has cured the default. And G&I's arguments and designations against WBL's motion for summary judgment do not establish a genuine issue of material fact.

Accordingly, WBL is entitled to summary judgment on its complaint for an *in rem* judgment and foreclosure against G&I. We reverse the trial court's denial of WBL's motion for summary judgment, and we remand for further proceedings consistent with this opinion.

Reversed and remanded.

Foley, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Aaron Rodgers
Aaron Cole
Reisenfeld & Associates, LLC
Cincinnati, Ohio

ATTORNEYS FOR APPELLEE G&I REALTY, LLC

Michael L. Einterz
Michael L. Einterz, Jr.
Einterz & Einterz
Zionsville, Indiana